**IMG-016**                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3216
_____

SHI JIN OU,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-377-984)
Immigration Judge:  Honorable Margaret Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2012

Before:  RENDELL, VANASKIE AND GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 4, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

Shi Jin Ou, a citizen of the People's Republic of China, petitions for review of the

Board of Immigration Appeals's ("BIA") order upholding the decision of the

Immigration Judge ("IJ") denying Ou's applications for asylum and related relief, and

ordering his removal to China. For the reasons that follow, we will deny the petition for review.

I

Ou entered the United States without inspection in 2007. In June 2007, he filed an application for asylum predicated on a forced abortion his wife allegedly endured in 2004. In that application, Ou alleged that when authorities discovered that his wife was pregnant with a second child, they forcibly terminated the pregnancy. He further stated that, although he was angry about the way his wife was treated, he was unable to fight against the Chinese government as a civilian.

Ou subsequently submitted an amended asylum application, which included a claim for relief based on persecution he allegedly endured at the hands of Chinese officials. Ou claimed -- in contrast to his first application -- that after his wife's abortion, he became angry and confronted family planning officials, calling them "killers" and accusing the Chinese government of denying people human rights. As a result, Ou alleged, some of the officials began to beat him; he was detained for two days and beaten twice more. He stated that the officials, upon releasing him, threatened to beat him more severely and sterilize him if he complained again. Ou suffered bruises from the beatings and did not seek professional medical treatment. He returned to work the following day.

Thereafter, Ou received a notice to appear. Before the IJ, he repeated the allegations set forth in his second asylum application, and testified that although neither he nor his wife had any further problems with family planning officials after 2004, he

2

fled to the United States in 2007 because he was "persecuted by the Chinese government." Ou also requested relief in the form of withholding of removal and protection under the Convention Against Torture ("CAT").

The IJ denied Ou's applications for relief, finding him incredible based on the inconsistencies between his first asylum application, on one hand, and his second application and testimony, on the other. The IJ further held that, even if Ou had testified credibly, he had not met his burden of demonstrating past persecution or a well-founded fear of future persecution. The BIA dismissed Ou's appeal, agreeing with the IJ's reasoning. Ou now seeks review of that order.

## II

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because the BIA issued its own opinion, we review its decision rather than that of the IJ. See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). However, we also look to the decision of the IJ to the extent that the BIA deferred to or adopted the IJ's reasoning. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). We review the Agency's factual determinations for substantial evidence, and will uphold such determinations unless any reasonable adjudicator would be compelled to reach a contrary conclusion. See Fiadjoe v. Att'y Gen., 411 F.3d 135, 153 (3d Cir. 2005).

In his petition for review, Ou challenges both the BIA's affirmance of the adverse credibility determination and its holding that, notwithstanding the credibility issue, Ou failed to satisfy his burden of proving eligibility for relief from removal. We need not

3

consider the merits of the adverse credibility determination because we agree with the IJ and BIA that, even if Ou's testimony was credible, he failed to demonstrate entitlement to relief.

To demonstrate eligibility for asylum, an applicant must show that he suffered past persecution or that he has a well-founded fear of future persecution. See Abdulrahman v. Ashcroft, 330 F.3d 587, 591-92 (3d Cir. 2003). If the applicant demonstrates past persecution, he is entitled to a rebuttable presumption of a well-founded fear of future persecution. See id. at 592. Persecution includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). However, it "does not encompass all treatment that our society regards as unfair, unjust or even unlawful or unconstitutional." Id. Generally, "isolated incidents that do not result in serious injury do not rise to the level of persecution." Voci v. Gonzales, 409 F.3d 607, 615 (3d Cir. 2005). The BIA reasoned that the mistreatment Ou endured -- two days' detention during which he was subjected to three beatings that left him sore, but not injured enough to require medical treatment or prevent Ou from returning to work the day after his release -- did not rise to the level of persecution. Ou has provided no good reason to question, let alone compel disagreement with, that assessment. Accordingly, Ou was not entitled to a presumption that he faces a well-founded fear of persecution. Further, given that neither Ou nor his wife faced any further problems with family planning officials in the ensuing three years before he left China, we perceive no reason to disturb the determination that Ou did not

4

otherwise demonstrate a well-founded fear of persecution.

Because Ou did not meet the standard for obtaining asylum, the BIA also appropriately denied his requests for withholding of removal and CAT protection. <u>See</u> <u>Sioe Tjen Wong v. Att'y Gen.</u>, 539 F.3d 225, 236-37 (3d Cir. 2008) (withholding of removal); <u>Kamara v. Att'y Gen.</u>, 420 F.3d 202, 212-13 (3d Cir. 2005) (CAT).

Accordingly, we will deny the petition for review.